**Affirmed and Memorandum Opinion filed February 27, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00240-CV

---

## MAGNOLIA HI-FI, LLC, Appellant

## V.

## SAMIR GULATI, Appellee

---

**On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-22-000489**

---

## MEMORANDUM OPINION

This is an interlocutory appeal from an order denying a motion to compel arbitration. For the reasons given below, we overrule all issues presented and affirm the trial court's order.

## BACKGROUND

Samir Gulati filed an original petition against Magnolia Hi-Fi, LLC, alleging that he had purchased certain products and services from Magnolia, and that the products and services were defective. Gulati further alleged that Magnolia was given

an opportunity to remedy the defects but that Magnolia had failed to do so. On the basis of these defects, Gulati claimed that Magnolia was liable for breach of contract and violations of the DTPA.

Magnolia moved to compel arbitration based on three separate agreements, each of which contained an arbitration clause. The first was a "Product Swap" agreement between Gulati and Magnolia. The second and third were agreements allegedly between Gulati and Best Buy, of which Magnolia claimed to be a subsidiary. Gulati's name did not appear in either agreement with Best Buy, but Magnolia produced affidavit testimony that Gulati was nonetheless a party to the agreements.

In a response, Gulati argued that the Product Swap agreement did not contain an effective arbitration clause, because immediately above the agreement's typewritten arbitration provision, Gulati had added the following handwritten notation: "I do not agree to waive my right to sue." Gulati initialed and dated this notation, as well.

As for the two remaining agreements, Gulati presented many arguments. He argued that any agreement he had with Best Buy was not an agreement with Magnolia, a separate entity. He also argued that the affidavit offered in support of the agreements was deficient. He objected, for instance, that the affidavit lacked a jurat, which was statutorily required. He objected that the affiant lacked personal knowledge. He also objected that the exhibits attached to the affidavit were not properly authenticated and were inadmissible as hearsay.

The trial court conducted an oral hearing on the motion, where it opined that the affidavit offered in support of the two agreements with Best Buy was "really insufficient," and that none of its exhibits should be considered. As for the remaining agreement with Magnolia, the trial court expressed the following opinion: "I don't

feel, based on the information that's been presented to me, that the party agreed to waive his right to it, a jury."

The trial court later signed an order denying Magnolia's motion to compel. That order also contained rulings on Gulati's evidentiary objections. The trial court overruled Gulati's objection that the affiant lacked personal knowledge. But the trial court sustained Gulati's objections that the affidavit lacked a jurat and that the exhibits attached to the affidavit were not properly authenticated and were inadmissible as hearsay. Pursuant to these rulings, the trial court struck the entirety of the affidavit and all of its exhibits.

Magnolia now brings this interlocutory appeal, challenging the trial court's order. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1) (authorizing an interlocutory appeal from the denial of a motion to compel arbitration).

## ANALYSIS

We review a trial court's ruling on a motion to compel arbitration for an abuse of discretion. *See Meritage Homes of Tex., LLC v. Pouye*, No. 03-21-00281-CV, 2023 WL 4139033, at *2 (Tex. App.—Austin June 23, 2023, no pet.) (mem. op.).[1] Under this standard, we defer to the trial court's factual determinations if they are supported by the record, but we review its legal determinations de novo. *Id.*

As the party seeking to compel arbitration, Magnolia had the initial burden of proving the existence of a valid arbitration agreement with Gulati. *See Cielo Prop. Group, LLC v. Mulcahy*, No. 03-18-00587-CV, 2019 WL 3023312, at *1 (Tex. App.—Austin July 11, 2019, pet. denied) (mem. op.). Magnolia believes that it

---

[1] Because the Texas Supreme Court transferred this case to our court for purposes of docket equalization, we endeavor to cite the precedent of the transferor court, which was the Third Court of Appeals.

satisfied this burden with respect to both the Product Swap agreement and the two Best Buy agreements.

As for the Product Swap agreement, Magnolia acknowledges Gulati's handwritten notation stating, "I do not agree to waive my right to sue," but Magnolia emphasizes that Gulati did not otherwise strike out or cross through the typewritten arbitration clause. Absent some other marking that fully excised the arbitration clause, Magnolia argues that the trial court was required to harmonize both the typewritten arbitration clause and Gulati's handwritten notation. Magnolia also explains that harmony was actually achievable in this case because Gulati could retain the right to sue (and not be in breach of the Product Swap agreement by filing suit) but still be obligated to arbitrate his claims after filing suit.

Magnolia does not cite to any authority in support of this argument, and we disagree with it. Gulati's handwritten notation—which, again, states that he does not agree to waive his right to sue—cannot be harmonized with the typewritten arbitration clause, which states the exact opposite: "BY AGREEING TO ARBITRATION, YOU AND MAGNOLIA UNDERSTAND EACH IS AGREEING TO WAIVE ITS RIGHT TO SUE OR GO TO COURT TO ASSERT OR DEFEND ITS RIGHTS UNDER THIS CONTRACT."

Due to the irreconcilable conflict between these two provisions, the trial court could have reasonably determined that the parties had not mutually assented to arbitration, and thus, that Magnolia had not satisfied its initial burden of proving the existence of a binding arbitration agreement. *See Houston Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 472 n.50 (Tex. 2011) (citing Williston on Contracts and observing the principle that where a provision in a preprinted contract irreconcilably conflicts with a handwritten addition made by a party, the handwritten provision will control). We therefore conclude that the trial

4

court did not abuse its discretion by declining to enforce the Product Swap's arbitration clause. *Cf. Stability Healthcare Staffing, LLC v. Beres*, No. 03-19-00145-CV, 2019 WL 3559103, at *1 (Tex. App.—Austin Aug. 6, 2019, no pet.) (mem. op.) (concluding that a business partner had not agreed to be bound by the terms of an arbitration clause where the partner intentionally refused to sign an agreement that contained the clause and that would have also changed his status to that of an employee without an ownership interest in the business).

Magnolia also argues that Gulati was bound by the separate arbitration clauses in the two remaining Best Buy agreements. Magnolia's argument here requires a consideration of the affidavit and exhibits that the trial court struck. But critically, Magnolia does not challenge all of the trial court's rulings striking that evidence.

Magnolia affirmatively argues that the trial court should not have struck the affidavit insofar as the affiant made her statements under penalty of perjury, which responds to Gulati's objection that the affidavit was deficient for lack of a jurat. Magnolia also affirmatively argues that the trial court should not have struck the evidence for lack of authentication. However, Magnolia makes no argument regarding the trial court's ruling on Gulati's hearsay objection, which was analytically separate from his authentication objection. *See H2O Solutions, Ltd. v. PM Realty Group, LP*, 438 S.W.3d 606, 623 n.6 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("Authenticity of a document and admissibility of that document under an exception to the hearsay rule are separate inquiries.").

Because Magnolia did not challenge the trial court's hearsay ruling or otherwise show that the evidence was admissible under a hearsay exception, Gulati responds that Magnolia has waived such arguments for purposes of this appeal. We agree with Gulati. *See Haubold v. Med. Carbon Research Inst., LLC*, No. 03-11-00115-CV, 2014 WL 1018008, at *3 (Tex. App.—Austin Mar. 14, 2014, no pet.)

(mem. op.) ("Where a judgment may rest upon more than one ground, an appellant who does not challenge each ground waives his right to complain of the ruling to which no error was assigned, and the judgment will be affirmed on the ground as to which no complaint is made.").

In effect, the trial court's ruling striking the affidavit and exhibits must stand. And without that evidence, Magnolia cannot establish the existence of a binding arbitration agreement with Gulati. We must accordingly conclude that the trial court did not abuse its discretion by denying Magnolia's motion to compel arbitration.

## CONCLUSION

The trial court's order denying the motion to compel arbitration is affirmed.


/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.